GEORGE E. GEER
vs.
GEORGE G. GRANT

Superior Court      New London County      File #10757
      Present:  Hon. ALLYN L. BROWN, Judge.
Thomas Shields,                    Attorney for the Plaintiff.
Foster K. Sistare,                  Attorney for the Defendant.

### MEMORANDUM FILED MARCH 25, 1935.

BROWN, J.   By his complaint as amended, the plaintiff seeks to recover damages for the alienation of his wife's affec- tions by the defendant's conduct, and for criminal conversa- tion, or adultery, committed by the defendant with the plain- tiff's wife.   The plaintiff is a farmer and blacksmith 40 years of age.   His wife, considerably experienced in farm work, is 45 years of age.   The defendant is an undertaker 62 years of age, and owns a farm at Montville.   The defendant's wife is 61 years of age and keeps house for her husband in their home at Taftville in the Town of Norwich

In the spring of 1929 the defendant engaged the plaintiff and his wife, who had lived together on a farm in Griswold since their marriage on January 25, 1924, to come to live on his farm in Montville, and agreed to pay the plaintiff $85 per month to serve as foreman thereof.   The plaintiff and his wife got along together relatively pleasantly and were reason- ably devoted and affectionate, each toward the other, until the early spring of 1932.   A son who is now 9 years old is the only child of the marriage.   In the spring of 1932 while they were still living on the defendant's farm, the first serious trouble arose between them.   This was occasioned by the persistent and increasingly frequent attentions which the de- fendant paid to the plaintiff's wife.   As the weeks passed, the defendant spent more and more time in her company, and she less and less in the company of the plaintiff.   For the three months prior to July 17, 1932, she refused to be a wife to him, neglected to prepare his meals, and would seldom speak to him. . Meantime the defendant's devotion to her, expressed by endearing terms, kisses and caresses on frequent occasions, and long hours spent in her company in his auto- mobile and her home in the plaintiff's absence, was having its effect and winning full reciprocity on her part.   Finally, the plaintiff being unable to persuade either of them to desist, had no alternative but to leave the farm, which he did on

the date above mentioned.

Notwithstanding the protests of the plaintiff, and also those of his own wife, the defendant continued in his reprehensible course after the plaintiff left the farm, and ever since to the time of the trial, continued to maintain the plaintiff's wife there on the farm under his pay with the title of "manager". The course of conduct of the defendant and the plaintiff's wife since the early spring of 1932 as shown by the evidence, points strongly to the existence of anadulterous disposition upon the part of both of them, and the evidence is clear that they have had ample opportunity to gratify it. The charge of adultery, however ,is a very serious one, and should not be found proven even in a civil proceeding such as this, without very clear evidence. It is my conclusion that justice will be done in this case by a finding that though the alienation of affections is proven, the charge of criminal conversation is not sufficiently established to support a judgment on that ground. I so find.

I find that the plaintiff's damage sustained through the defendant's alienation of the plaintiff's wife's affections is $2,800.00. Judgment may be entered for the plaintiff to recover this amount of the defendant, plus his costs.